UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHERYL LYNN DOUGLAS, et al.,<br><br>Plaintiff,<br><br>v.<br><br>THE EZRALOW COMPANY LLC, et al.,<br>Defendants. | No.  2:24-cv-00331-KJM-CKD (PS)<br><br><br><br>ORDER |

Plaintiffs Cheryl Lynn Douglas and Andrew Grant Haymore proceed without counsel and seek to proceed in forma pauperis. This matter is before the undersigned pursuant to Local Rule 302(c)(21). See 28 U.S.C. § 636(b)(1).

To commence a civil action, along with the complaint, a plaintiff or plaintiffs must either pay the $350.00 filing fee and the $55.00 administrative fee or request leave to proceed in forma pauperis ("IFP"). See 28 U.S.C. §§ 1914(a), 1915(a). "Where there are multiple plaintiffs in a single action, the plaintiffs may not proceed in forma pauperis unless all of them demonstrate inability to pay the filing fee." Darden v. Indymac Bancorp, Inc., No. CIV S-09-2970 JAM DAD, 2009 WL 5206637, at *1 (E.D. Cal. Dec. 23, 2009); see also Hampton v. City of Pomona Police Dep't, No. 2:22-cv-09430-FWS-ADS, 2023 WL 3317063, at *1 (C.D. Cal. Jan. 12, 2023) (denying IFP applications where one plaintiff did not sufficiently demonstrate an inability to pay the filing fee and still afford the necessities of life).

A plaintiff seeking leave to proceed in forma pauperis must submit an affidavit demonstrating inability to pay the filing fee, which must include a statement of all the plaintiff's assets and demonstrate the affiant's poverty "with some particularity, definiteness, and certainty." United States v. McQuade, 647 F.2d 938, 940 (9th Cir. 1981). "An affidavit in support of an IFP application is sufficient where it alleges that the affiant cannot pay the court costs and still afford the necessities of life." Escobedo v. Applebees, 787 F.3d 1226, 1234 (9th Cir. 2015) (citation omitted). While § 1915(a) does not require a litigant to demonstrate absolute destitution, Adkins v. E.I. DuPont de Nemours & Co., 335 U.S. 331, 339 (1948), the applicant must nonetheless show that he is "unable to pay such fees or give security therefor." 28 U.S.C. § 1915(a). If the court determines "the allegation of poverty is untrue," the court "shall dismiss the case." 28 U.S.C. § 1915(e)(2).

Here, plaintiff Douglas and plaintiff Haymore filed separate applications in support of their requests to proceed in forma pauperis. (ECF Nos. 2, 3.) Plaintiffs do not make the requisite showing of poverty to be granted leave to proceed in forma pauperis.

Plaintiff Douglas' affidavit does not support a finding that plaintiff Douglas was unable to pay the court costs and still afford the necessities of life when plaintiffs filed this suit. (See ECF No. 3.) At the time plaintiffs filed the suit, plaintiff Douglas had $314.00 in a checking or savings account and $23,076.24 invested in a 401K. Significantly, plaintiff Douglas earned $3,846.15 in gross pay or wages every two weeks and $2,853.25 in take home pay or wages every two weeks. Although plaintiff Douglas listed several debts and financial obligations, as well as expenses in the amount of $5,405.00 per month, the listed expenses reflect far more than the bare necessities of life. In addition, plaintiff Douglas had a net-positive monthly source of money even with the listed expenses.[1]

---

[1] Plaintiff Douglas lists plaintiff Haymore as a dependent (adult disabled veteran), but plaintiff Haymore has income in the amount of $1,182 per month and indicates he is paying his own expenses including $800 in rent and $300 in utilities and miscellaneous. It is unclear whether plaintiff Haymore pays this amount for rent and utilities in connection with the apartment the plaintiffs rented together for $2,398. (See ECF No. 1, Verified Complaint, ¶¶ 3, 13.) If so, then the court would question whether the plaintiffs' monthly expenses are accurately listed because plaintiff Douglas' affidavit sets forth the full $2,398 rent payment as a monthly expense and both

While § 1915(a) does not require a litigant to demonstrate "absolute destitution," <u>Adkins</u>, 335 U.S. at 339, the applicant must nonetheless show inability to pay the fees. 28 U.S.C. § 1915(a). The court recognizes neither plaintiff had more than $314.00 in a checking or savings account at the affidavits were filed. However, the court also considers plaintiffs' income and expenses, which demonstrate they do not make the requisite showing of poverty to be granted leave to proceed in forma pauperis.

Plaintiffs will be granted 30 days in which to submit the appropriate filing fee and administrative fee to the Clerk of the Court. Plaintiffs are cautioned that failure to pay the court costs will result in a recommendation that the applications to proceed in forma pauperis be denied and the present action be dismissed without prejudice.

For the reasons set forth above, IT IS HEREBY ORDERED that, within thirty (30) days from the date of this order, plaintiffs shall submit the appropriate filing fee and administrative fee.

Dated:  May 6, 2024

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

8
Douglas24cv311.ifp

---

plaintiffs claim responsibility for utilities with Haymore being responsible for "utilities misc" in the amount of $300, plaintiff Douglas being responsible for utilities in the amount of $488 (exclusive of phone), and plaintiff Douglas including a further monthly expense of $180 for "WSG" which, without further explanation, the court will infer to mean water, sewer, and gas. It is unnecessary to obtain clarification on these points because even assuming the plaintiffs' income and expenses are accurately listed, plaintiffs do not meet the standard to proceed to proceed without prepayment of fees under 28 U.S.C. § 1915(a).