UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHERYL LYNN DOUGLAS, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>THE EZRALOW COMPANY LLC, et al.,<br><br>Defendants. | No. 2:24-cv-00331-KJM-CKD (PS)<br><br><br><br>ORDER |

Plaintiffs proceed without counsel on a fee-paid complaint seeking damages and injunctive relief. (ECF No. 1.) On August 28, 2024, plaintiffs filed an ex parte motion styled as a motion for relief from an order based on clerical mistakes under Rule 60(a) of the Federal Rules of Civil Procedure. (ECF No. 11.) In the motion, plaintiffs seek relief from the Clerk's decline of their request for entry of default as to defendants Bryan Ezralow, Marc Ezralow, Leslie Huffman, Chris Robello, and the Ezralow Company LLC. Specially appearing, the defendants opposed the motion. (ECF No. 18.) The court previously found this matter suitable for decision without oral argument under Local Rule 230(g) and took the matter under submission. (ECF No. 20 at 2.) Upon reviewing the return of service filed, the court finds no mistake to correct under Rule 60(a) and denies the motion.

////

1

Plaintiffs' other pending motions filed ex parte on October 30, 2024, and October 31, 2024 (ECF Nos. 21, 22, 23, 24) are also before the court. These motions are also suitable for decision without oral argument. The court vacates the hearing set to take place on December 4, 2024, and grants, in part, plaintiff's ex parte motions as set forth below.

**Ex Parte Rule 60(a) Motion filed on October 28, 2024**

The single return of service filed on June 26, 2024, indicates summons and complaints were served by Lauren Haymore as follows:

> Served upon agent or employee of First Pointe/Management group –
> 7 copies of lawsuit and summons. At leasing office 4001 S Watt Ave Sacramento, CA 95826 all defendants served.

(ECF No. 7.) Upon plaintiffs' request for entry of default as to all defendants, the Clerk of the Court entered default against two defendants: First Pointe Management Group LLC and Stacy White.[1] (ECF No. 9.) The Clerk declined plaintiffs' request for entry of default as to Bryan Ezralow, Marc Ezralow, Leslie Huffman, Chris Robello, the Ezralow Company LLC for the following reason: "The clerk hereby declines to enter due to Unable to determine if summons was appropriately served based on the documents filed." (ECF No. 10.) Plaintiffs seek relief from the Clerk declining to enter default as to those defendants.

Under Rule 55(a) of the Federal Rules of Civil Procedure, "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default."

Rule 60(a) of the Federal Rules of Civil Procedure provides as follows:

> (a) Corrections Based on Clerical Mistakes; Oversights and Omissions. The court may correct a clerical mistake or a mistake arising from oversight or omission whenever one is found in a judgment, order, or other part of the record. The court may do so on motion or on its own, with or without notice. [….]

Fed. R. Civ. P. 60(a).

As to the individual defendants—Bryan Ezralow, Marc Ezralow, Leslie Huffman, and

---

[1] In another pending motion, defendants Stacey White and First Pointe Management Group, LLC moved to set aside the Clerk's entry of default. (ECF No. 14.) In the same motion, all defendants, specially appearing, moved to quash service of summons. (Id.) As discussed further in this order, briefing on this motion is ongoing.

2

1  Chris Robello—service of an individual may be completed under state law, or by one of the
2  following methods: delivering a copy of the summons and the complaint to the individual
3  personally, leaving a copy of each at the individual's dwelling or usual place of abode with
4  someone of suitable age and discretion who resides there, or delivering a copy of each to an agent
5  authorized by appointment or by law to receive service of process. Fed. R. Civ. P. 4(e). Under
6  California law, for individual defendants, service of process may be made by personal delivery to
7  the individual. Cal. Code Civ. P. § 415.10. In addition, service may be made by mail if sent with
8  two copies of the notice and acknowledgement provided in Cal. Code Civ. P. § 415.30(b) and a
9  return envelope, postage prepaid, addressed to the sender.

10  The return of service does not indicate any of these methods were completed. As
11  discussed further below, the mere claim "all defendants served" does not establish proof of
12  service. While the return of service appears to indicate the method of service was personal
13  delivery, the personal delivery was made to an unnamed person at an address not alleged to be the
14  dwelling or usual place of abode of any individual defendant. Thus, the court finds no clerical
15  mistake or mistake arising from oversight or omission to be corrected in the Clerk's decline of
16  default as to Bryan Ezralow, Marc Ezralow, Leslie Huffman, and Chris Robello.

17  As to the Ezralow Company LLC, a corporation, partnership, or association may be
18  served in the manner prescribed by Rule 4(e)(1) for serving an individual, or "by delivering a
19  copy of the summons and of the complaint to an officer, a managing or general agent, or any
20  other agent authorized by appointment or by law to receive service of process and--if the agent is
21  one authorized by statute and the statute so requires--by also mailing a copy of each to the
22  defendant[.]" Fed. R. Civ. P. 4(h)(1).

23  The return of service does not indicate defendant The Ezralow Company LLC was served.
24  Instead, the return of service indicates copies of the summons and complaint were served upon an
25  "agent or employee of First Pointe/Management group" (ECF No. 7) and does not similarly refer
26  to any agent or employee of The Ezralow Company LLC. Service on the agent or employee of
27  defendant First Pointe Management Group LLC does not constitute proper service on Bryan
28  Ezralow, Marc Ezralow, Leslie Huffman, Chris Robello, or the Ezralow Company LLC. Thus,

3

1 plaintiffs have not submitted a signed return of service reflecting service on any of the five
2 defendants at issue in the present motion.
3     Plaintiffs argue that they are entitled to have their pleadings liberally construed. (ECF No.
4 11 at 4.) They argue the complaint alleged that each individual defendant is an employee of First
5 Point Management Group LLC ("FPMG"), and the Ezralow Company LLC ("EZRA") is the
6 partner, or parent company of FPMG. (ECF No. 11 at 3.) The court also notes paragraph 21 of the
7 plaintiffs' complaint alleges as follows:

> Plaintiff Andrew Grant Haymore, asked Stacy White where he can serve the lawsuit or upon whom. Stacy White told Plaintiff that he can serve the lawsuit directly to the Montebello Apartments office, where he lives. Plaintiff is a disabled Veteran and is pleading for leniency in serving the Parties named, as they are together enjoined in a conglomerate; and all together function under the umbrella of, or directly with, The Ezralow Company LLC and the First Pointe Management Group LLC.

13 (ECF No. 1, ¶ 21.)
14     First, "even if a person states that he or she is authorized to accept service, that is not
15 proof that the person actually has the authority to do so." Hupp v. San Diego Cnty. Dist. Atty.,
16 No. 12-CV-492-IEG RBB, 2012 WL 2887229, at *3 (S.D. Cal. July 12, 2012) (quoting United
17 States CFTC v. Paron Capital Mgmt., LLC, No. No. C 11–4577 CW, 2012 WL 1156396, at *2
18 (N.D. Cal. Apr. 6, 2012); see also McCain v. Stockton Police Dep't, No. CIV S–10–3170 JAM
19 CKD, 2011 WL 4710696, at *8-9 (E.D. Cal. Oct. 4, 2011) (finding proof of service insufficient
20 even though the process server submitted a declaration stating the receptionist told him she could
21 accept service on behalf of the defendant), adopted by 2011 U.S. Dist. LEXIS 134952 (E.D. Cal.
22 Nov. 22, 2011). Second, the court cannot rely on the complaint's factual allegations to find proper
23 service under Rule 4 of the Federal Rules of Civil Procedure. The court will liberally construe
24 plaintiffs' pro se pleadings and the factual allegations contained therein for the purpose of
25 determining whether a claim is stated. However, proper service of the summons and complaint on
26 a defendant is necessary to establish the court's personal jurisdiction over the defendant. See
27 Direct Mail Specialists, Inc. v. Eclat Computerized Techs., Inc., 840 F.2d 685, 688 (9th Cir.
28 1988). Without "substantial compliance" with Rule 4, "neither actual notice nor simply naming

the defendant in the complaint will provide personal jurisdiction." Benny v. Pipes, 799 F.2d 489, 492 (9th Cir. 1986).

This court will generally allow pro se litigants more latitude than litigants represented by counsel to correct defects in service of process and pleadings. See Borzeka v. Heckler, 739 F.2d 444, 447 n. 2 (9th Cir. 1984) (defective service of complaint by pro se litigant does not necessarily warrant dismissal). However, plaintiffs' pro se status cannot be used to excuse failure to effectuate proper service. See McNeil v. United States, 508 U.S. 106, 113 (1993) ("we have never suggested that procedural rules in ordinary civil litigation should be interpreted so as to excuse mistakes by those who proceed without counsel"); Direct Mail Specialists, Inc., 840 F.2d at 688. Pro se litigants are expected to know and comply with the rules of civil procedure. See American Ass'n of Naturopathic Physicians v. Hayhurst, 227 F.3d 1104, 1108 (9th Cir. 2000).

In further support of their position, plaintiffs cite S.E.C. v. Internet Sols. for Bus. Inc., 509 F.3d 1161, 1166 (9th Cir. 2007), for the following rule: A signed return of service constitutes prima facie evidence of valid service which can be overcome only by strong and convincing evidence. In the cited case, the defendant, who resided in England, sought under Civil Rule 60(b) to set aside a default judgment based on improper service more than three and a half years after the judgment was entered, even though he had actual knowledge that the complaint had been filed and that he had been named as a party. The district court denied the motion. On appeal, the defendant argued the plaintiff had the burden to demonstrate proper service. The Ninth Circuit disagreed:

> Having clarified that the defendant moving to vacate default judgment for improper service of process bears the burden to prove that he is entitled to relief, we turn to whether that burden has been met here. Shaw's burden is a substantial one. "A signed return of service constitutes prima facie evidence of valid service 'which can be overcome only by strong and convincing evidence.'"

S.E.C. v. Internet Sols. for Bus. Inc., 509 F.3d at 1166 (citations and footnote omitted).

The holding of S.E.C. v. Internet Sols. for Bus. Inc is inapplicable here. In the present case, the court has not already determined it has personal jurisdiction over the defendants and has not entered a final judgment. The court cannot rely on the rule of S.E.C. v. Internet Business

Solutions for Business Inc. to find valid service on all defendants.

As set forth, the return of service does not indicate any individual defendant at issue was personally served or that a copy of the summons and complaint were left at their dwelling. The return of service also does not indicate defendant the Ezralow Company LLC was served. Thus, the Clerk did not err in declining to enter default as to these defendants. See, e.g., Zhongtie Dacheng (Zhuhai) Inv. Mgmt. Co. Ltd v. Yan, No. 8:22-CV-00461-SSS-ADS-X, 2023 WL 9007320, at *2 (C.D. Cal. Jan. 24, 2023) (finding proofs of service of summons were defective for several reasons, including that the defendant's "name did not even appear anywhere on the proof of service"); Hupp, 2012 WL 2887229, at *5 (defendant was not properly served where the return of service merely claimed the person served was authorized to accept service on behalf of another defendant); McCain, 2011 WL 4710696, at *8-9 (same).

**Plaintiffs' Other Pending Ex Parte Motions**

On October 30, 2024, and October 31, 2024, plaintiffs filed four motions each asserting, among other arguments, that defendant The Ezralow Company LLC failed to properly serve plaintiffs by mail at their address of record with a motion filed on September 24, 2024. (ECF Nos. 21, 22, 23, 24.) In each of the four motions, plaintiffs request the court to "stay" any motion or proceeding not initiated by plaintiffs until the default status of the defendants is resolved. (ECF No. 21 at 3; ECF No. 22 at 5; ECF No. 23 at 4; ECF No. 24 at 4.)

There is no basis for a stay of defendants' motion practice. However, to the extent plaintiffs request the court to rule on their ex parte motion filed on August 28, 2024, prior to ruling on any motions filed by defendants, that request is granted. The court rules as set forth above. In addition, to the extent plaintiffs seek relief from the court's order filed on October 16, 2024 (ECF No. 20), and the court's determination that plaintiffs failed to timely oppose defendants' amended motion to quash service of summons, that request is also granted. Defendants' amended proof of service filed on November 6, 2024, indicates defendants did not properly serve plaintiffs by mail at their address of record with the amended motion to quash until November 6, 2024. (See ECF No. 28). Accordingly, the court vacates the order filed on October

////

6

1    16, 2024 (ECF No. 20).[2]

2    Otherwise, plaintiffs' ex parte motions requesting a stay of motion practice by defendants or other relief are denied. In addition, to the extent these motions renew plaintiffs' request for relief under Rule 60(a) from the Clerk declining to enter default (see ECF Nos. 21 at 1; ECF No. 22 at 1; ECF No. 24 at 1), the motions are denied for the reasons addressed above.

Because plaintiffs filed multiple motions seeking the same relief, the court will caution plaintiffs about filing motions that are duplicative, overlapping, or otherwise repetitious. By filing a motion with the court, the party certifies under penalty of sanctions that the motion "is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation." Fed. R. Civ. P. 11(b). Filing multiple motions that seek the same relief through duplicative or overlapping arguments is unfairly burdensome to the court and the opposing litigants and needlessly increases the cost of litigation. The court is authorized to sanction an attorney or pro se litigant who files such motions in bad faith. See 28 U.S.C. § 1927; Wages v. I.R.S., 915 F.2d 1230, 1235-1236 (9th Cir. 1990). The court expects all parties to refrain from filing duplicative, overlapping, or otherwise repetitious motions.

For the reasons set forth above, IT IS ORDERED as follows:

1. Plaintiffs' ex parte motion styled as a motion for relief from an order based on clerical mistakes pertaining to the Clerk declining to enter default (ECF No. 11) is denied.

2. Plaintiffs' ex parte motions filed on October 30, 2024, and October 31, 2024 (ECF Nos. 21, 22, 23, 24) are granted in part and denied in part, as set forth below:

    a. Granted to the extent plaintiffs request the court to rule on their ex parte motion filed on August 28, 2024;

    b. Granted to the extent that the court vacates the order filed on October 16, 2024 (ECF No. 20), which determined, in error, that plaintiffs had

---

[2] Based on the information in defendants' further proof of service for their amended motion to quash, and the court's minute order entered on November 1, 2024, which set a new briefing schedule for that motion, plaintiffs' opposition is now due November 21, 2024.

failed to timely oppose defendants' amended motion to quash service of summons; and

   c. In all other respects, these motions are denied.

 3. The court vacates the hearing set to take place on December 4, 2024.

Dated: November 12, 2024

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

8, doug24cv0031.60srv