UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHERYL LYNN DOUGLAS, et al., | No. 2:24-cv-0331-KJM-CKD (PS) |
| Plaintiffs, | |
| v. | <u>ORDER AND</u> |
| THE EZRALOW COMPANY LLC, et al., | <u>FINDINGS AND RECOMMENDATIONS</u> |
| Defendants. | |

Plaintiffs Cheryl Lynn Douglas and Andrew Grant Haymore proceed without counsel on a fee-paid complaint seeking damages and injunctive relief. (ECF No. 1.) Plaintiffs' ex parte motion for a preliminary injunction is before the court. (ECF No. 26.) This matter is suitable for decision without oral argument under Local Rule 230(g). For the reasons set forth below, the motion should be denied. Accordingly, the court vacates the hearing set to take place on December 11, 2024. In addition, on the court's own motion, the court grants plaintiffs an extension of time to respond to defendants' amended motion to quash service filed on September 25, 2024.

**I.     Background**

Plaintiffs filed the complaint on January 29, 2024, naming as defendants The Ezralow Company LLC, First Pointe Management Group LLC, and five individuals alleged to be

1  employees of those defendants. (ECF No. 1.) Plaintiffs allege they entered into a rental lease
2  agreement for a unit at the Montebello Apartments in May 2022 for a 2-bedroom 2-bathroom unit
3  for $2398. (Id., ¶¶ 3, 4.)
4        After move-in, multiple terrifying and distressing events occurred and both plaintiffs lived
5  in terror. (ECF No. 1, ¶¶ 4-11, 14.) Plaintiffs hear disturbances in other units through thin walls.
6  (Id., ¶¶ 6-7.) In addition, their vehicles have been ransacked, homeless people cause disturbances
7  outside, violent outbursts occur almost weekly, and plaintiff Haymore witnessed a shooting while
8  at the pool. (Id., ¶¶ 8-14.)
9        As time neared to renew the lease agreement in March of 2023, due to the frightening
10  living conditions, and to enable plaintiffs to save money to leave, plaintiffs requested to alter their
11  lease to the market value price advertised on Montebello's website, $1800-1900 a month. (ECF
12  No. 1, ¶ 12.) The property manager, Chris Robellow, told plaintiffs they could not have their
13  pricing changed unless they moved all their belongings from one unit to another, even though
14  plaintiff Douglass is a senior citizen and plaintiff Haymore is a disabled Veteran who suffers from
15  congestive heart failure. (Id.) Needing to have shelter, plaintiffs renewed the lease agreement.
16  (Id., ¶ 13.)
17        Plaintiffs allege the defendants' actions constitute disability discrimination and that the
18  lease constitutes "a form of age discrimination, financial exploitation of an elder, and elder abuse,
19  among other predatory elements." (ECF No. 1 ¶¶ 13, 15.) Plaintiffs allege they are being
20  exploited because of their inability to alter their living situation and because the new, advertised
21  price for "move ins" for same type of unit occupied by plaintiffs is more than $500 less per
22  month. (Id., ¶¶ 15 & 17.)
23        Due to the Breach of the Covenant of Quiet Enjoyment they have suffered, plaintiffs tried
24  to negotiate a 6-month credit towards their rent due and were denied by Leslie Huffman and
25  Stacy White. (ECF No. 1, ¶¶ 18-19.) Plaintiffs tried to negotiate three times, but Stacy White told
26  plaintiff Haymore nothing could be done except to allow plaintiffs to quit the lease unpenalized,
27  or plaintiffs could seek a legal remedy through the courts. (Id., ¶ 20.)
28  ////

1  Plaintiffs bring claims for housing discrimination (first cause of action); gross negligence
2  (second cause of action); unlawful, unfair, and fraudulent business practices (third cause of
3  action); and intentional infliction of emotional distress (fourth cause of action). (ECF No. 1, ¶¶
4  23-47.) Plaintiffs seek damages and injunctive relief.

5  A return of service was filed on June 26, 2024. (ECF No. 7.) Upon plaintiffs' request for
6  entry of default as to all defendants, the Clerk of the Court entered default against two defendants:
7  First Pointe Management Group LLC and Stacy White. (ECF No. 9.) The Clerk declined
8  plaintiffs' request for entry of default as to Bryan Ezralow, Marc Ezralow, Leslie Huffman, Chris
9  Robello, and the Ezralow Company LLC.

10  On September 24, 2024, defendants Stacey White and First Pointe Management Group
11  LLC filed an amended motion to set aside the Clerk's entry of default. (ECF No. 14.) By the same
12  amended motion, all defendants seek to quash summons. (Id.) Defendants served the amended
13  motion to plaintiffs on November 6, 2024, and filed an amended proof of service on that day.
14  (ECF No. 28.) Under the amended briefing schedule set by the court (ECF No. 25), plaintiffs'
15  opposition or statement of non-opposition was due within 21 days after proper service of the
16  motion or the filing of the amended proof of service, whichever was later. (ECF No. 25.)

17  Acting sua sponte, the court now grants an extension of time for plaintiffs' opposition to
18  defendants' amended motion to quash filed on September 24, 2024. Plaintiffs' opposition or
19  statement of opposition is due within 14 days after service of this order.

20  On November 1, 2024, plaintiffs filed the ex parte motion for a preliminary injunction
21  presently before the court. (ECF No. 26.)

22  **II.    Legal Standard**

23  "A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on
24  the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the
25  balance of equities tips in his favor, and that an injunction is in the public interest." Winter v.
26  Natural Res. Def. Council, Inc., 555 U.S. 7, 20 (2008). Under another formulation of the test used
27  in the Ninth Circuit, a likelihood of success is not an absolute requirement. Wild Rockies v.
28  Cottrell, 632 F.3d 1127, 1131-32 (9th Cir. 2011). Rather, the plaintiff shows serious questions are

3

raised and the balance of hardships tips in plaintiff's favor. Drakes Bay Oyster Co. v. Jewell, 747 F.3d 1073, 1085 (9th Cir. 2014). "Under any formulation of the test, plaintiff must demonstrate that there exists a significant threat of irreparable injury." Oakland Tribune, Inc., v. Chronicle Pub. Co., Inc., 762 F.2d 1374, 1376 (9th Cir. 1985). "A preliminary injunction is an extraordinary remedy [that] may be awarded only upon a clear showing that the movant is entitled to relief. Winter, 555 U.S. at 24.

Under the court's local rules,

> All motions for preliminary injunction shall be accompanied by (i) briefs on all relevant legal issues to be presented by the motion, (ii) affidavits in support of the motion, including affidavits on the question of irreparable injury, and (iii) a proposed order with a provision for a bond. See L.R. 230, 151.

Local Rule 231(d).

**III.   Discussion**

Plaintiffs' motion for a preliminary injunction seeks a variety of relief including an order allowing them to withhold rent payments without accruing any debt and an order for the defendants not to retaliate. (ECF No. 26 at 14.) The motion is supported by a declaration of plaintiff Douglas who describes adverse effects from living at the Montebello apartments suffered by both plaintiffs, including financial, emotional, and mental pressure, and secondary trauma from acts of violence. (Id. at 8-9.) Plaintiffs have not shown entitlement to preliminary injunctive relief.

First, plaintiffs' motion for a preliminary injunction is premature because there is presently a dispute over whether the court has personal jurisdiction over any defendant. The Clerk of the Court has entered default against First Pointe Management Group LLC and Stacy White, but both defendants have moved to set aside the entry of default for improper service. All defendants have moved to quash service. Plaintiffs have not yet filed their opposition or statement of non-opposition to the amended motion to quash service. The dispute regarding whether any defendant has been properly served with process under Rule 4 of the Federal Rules of Civil Procedure prevents the court from issuing preliminary injunctive relief. See Direct Mail Specialists, Inc. v. Eclat Computerized Techs., Inc., 840 F.2d 685, 688 (9th Cir. 1988) ("A federal

4

court does not have jurisdiction over a defendant unless the defendant has been served properly"); Zepeda v. U.S. I.N.S., 753 F.2d 719, 727 (9th Cir. 1983) ("A federal court may issue an injunction if it has personal jurisdiction over the parties and subject matter jurisdiction over the claim; it may not attempt to determine the rights of persons not before the court."). The court can only enjoin parties over which it has power. Id.

Second, plaintiffs have not shown they are likely to suffer the type of irreparable harm necessary for a preliminary injunction. See FDIC v. Garner, 125 F.3d 1272, 1279 (9th Cir. 1997) (the threat of injury "must be imminent, not remote or speculative"), cert. denied, 523 U.S. 1020 (1998). Plaintiffs' vague allegations that they will continue to suffer harm and trauma from distressing events related to their living situation does not demonstrate irreparable harm sufficient for a preliminary injunction to issue. See id.; Caribbean Marine Servs. Co. v. Baldrige, 844 F.2d 668, 674 (9th Cir. 1988) ("Speculative injury does not constitute irreparable injury sufficient to warrant granting a preliminary injunction."). A plaintiff must do more than merely allege imminent harm; a plaintiff must demonstrate immediate threatened injury as a prerequisite to preliminary injunctive relief. Los Angeles Mem'l Coliseum Comm'n v. Nat'l Football League, 634 F.2d 1197, 1201 (9th Cir. 1980).

Plaintiffs also do not argue they are likely to succeed on the merits of their claims. Their argument in the motion for a preliminary injunction appears directed, instead, toward the defendants' delay in proper service of the amended motion to quash service and a court order which stated plaintiffs had failed to timely oppose the motion.[1] Plaintiffs fail to furnish the court with legal authority showing any claim presented in the complaint is likely to succeed on the merits. Likelihood of success on the merits is the most important Winter factor, and it is relevant to the court's evaluation of the other factors See Baird v. Bonta, 81 F.4th 1036, 1044 (9th Cir. 2023). In light of plaintiffs' failure to establish a likelihood of success on the merits of any claim, the court also does not find the balance of equities tips in plaintiffs' favor or that an injunction is in the public interest.

---

[1] The court has vacated this order. (See ECF No. 29.)

5

### IV. Conclusion, Order and Recommendation

The relevant factors weigh against issuing a preliminary injunction and there is presently a dispute over whether the court has personal jurisdiction over any defendant. Thus, the motion for a preliminary injunction should be denied.

For the reasons set forth above, IT IS ORDERED as follows:

1. Sua sponte, the court GRANTS an extension of time for plaintiffs to file their opposition or statement of non-opposition to defendants' amended motion to quash service filed on September 24, 2024, and served to plaintiffs on November 6, 2024. Plaintiffs' opposition or statement of opposition is due within 14 days after service of this order.

2. The court VACATES the hearing on plaintiffs' motion for a preliminary injunction set to take place on December 11, 2024.

In addition, IT IS RECOMMENDED that plaintiffs' ex parte motion for a preliminary injunction (ECF No. 26) be denied.

These findings and recommendations are submitted to the United States District Judge assigned to the case pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within 14 days after being served with these findings and recommendations, plaintiff may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Failure to file objections within the specified time may waive the right to appeal the District Court's order. Turner v. Duncan, 158 F.3d 449, 455 (9th Cir. 1998); Martinez v. Ylst, 951 F.2d 1153, 1156-57 (9th Cir. 1991).

Dated: December 3, 2024

CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

8, doug24cv0031.mpi.fr