UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHERYL LYNN DOUGLAS, et al., | No. 2:24-cv-0331-KJM-CKD PS |
| Plaintiffs, | |
| v. | ORDER |
| THE EZRALOW COMPANY LLC, et al., | |
| Defendants. | |

Plaintiffs Cheryl Lynn Douglas and Andrew Grant Haymore proceed without counsel on a fee-paid complaint seeking damages and injunctive relief. (ECF No. 1.) This matter is before the undersigned pursuant to 28 U.S.C. § 636(b)(1) and Local Rule 302(c)(21). Defendants' unopposed motion to quash service of summons and to vacate default (ECF No. 16) is before the court. The court previously found this matter to be appropriate for decision without oral argument under Local Rule 230(g). (ECF No. 20.) For the reasons that follow, the motion is granted.

**I. BACKGROUND**

Plaintiffs filed their complaint on January 29, 2024, naming defendants The Ezralow Company LLC, First Pointe Management Group (sued as First Pointe Management Group, LLC), and five individuals alleged to be employees of those defendants.[1] (ECF No. 1.) Plaintiffs allege

---

[1] Defendants state plaintiffs erroneously sued (1) First Pointe Management Group as First Pointe Management Group, LLC, (2) Stacey White as Stacy White, and (3) Chris Rebellow as Chris

1

they entered into a rental lease agreement for a unit at the Montebello Apartments in May 2022 for a 2-bedroom 2-bathroom unit for $2398. (Id., ¶¶ 3, 4.)

After move-in, multiple terrifying and distressing events occurred and both plaintiffs lived in terror. (ECF No. 1, ¶¶ 4-11, 14.) Plaintiffs hear disturbances in other units through thin walls. (Id., ¶¶ 6-7.) In addition, their vehicles have been ransacked, homeless people cause disturbances outside, violent outbursts occur almost weekly, and plaintiff Haymore witnessed a shooting while at the pool. (Id., ¶¶ 8-14.)

As time neared to renew the lease agreement in March of 2023, due to the frightening living conditions, and to enable plaintiffs to save money to leave, plaintiffs requested to alter their lease to the market value price advertised on Montebello's website, $1800-1900 a month. (ECF No. 1, ¶ 12.) The property manager, Chris Rebellow, told plaintiffs they could not have their pricing changed unless they moved all their belongings from one unit to another, even though plaintiff Douglass is a senior citizen and plaintiff Haymore is a disabled Veteran who suffers from congestive heart failure. (Id.) Needing to have shelter, plaintiffs renewed the lease agreement. (Id., ¶ 13.)

Plaintiffs allege the defendants' actions constitute disability discrimination and that the lease constitutes "a form of age discrimination, financial exploitation of an elder, and elder abuse, among other predatory elements." (ECF No. 1 ¶¶ 13, 15.) Plaintiffs allege they are being exploited because of their inability to alter their living situation and because the new, advertised price for "move ins" for same type of unit occupied by plaintiffs is more than $500 less per month. (Id., ¶¶ 15 & 17.)

Due to the Breach of the Covenant of Quiet Enjoyment they have suffered, plaintiffs tried to negotiate a 6-month credit towards their rent due and were denied by Leslie Huffman and Stacey White. (ECF No. 1, ¶¶ 18-19.) Plaintiffs tried to negotiate three times, but Stacey White told plaintiff Haymore nothing could be done except to allow plaintiffs to quit the lease unpenalized, or plaintiffs could seek a legal remedy through the courts. (Id., ¶ 20.)

---

Robellow. Plaintiffs do not dispute these representations. The Clerk of the Court will be directed to correct the docket and the court will refer to defendants by their correct names.

1      Plaintiffs bring claims for housing discrimination (first cause of action); gross negligence
2 (second cause of action); unlawful, unfair, and fraudulent business practices (third cause of
3 action); and intentional infliction of emotional distress (fourth cause of action). (ECF No. 1, ¶¶
4 23-47.) Plaintiffs seek damages and injunctive relief.
5      A return of service was filed on June 26, 2024. (ECF No. 7.) Upon plaintiffs' request for
6 entry of default as to all defendants, the Clerk of the Court entered default against two defendants:
7 First Pointe Management Group and Stacey White. (ECF No. 9.) The Clerk declined plaintiffs'
8 request for entry of default as to Bryan Ezralow, Marc Ezralow, Leslie Huffman, Chris Rebello,
9 and the Ezralow Company LLC.
10      On August 28, 2024, plaintiffs filed an ex parte motion styled as a motion for relief from
11 an order based on clerical mistakes under Rule 60(a) of the Federal Rules of Civil Procedure.
12 (ECF No. 11.) In the motion, plaintiffs sought relief from the Clerk's decline to enter default for
13 defendants Bryan Ezralow, Marc Ezralow, Leslie Huffman, Chris Rebello, and the Ezralow
14 Company LLC. (Id.) On November 13, 2024, the court denied the motion. (ECF No. 29.)
15      On September 25, 2024, defendants Stacey White and First Pointe Management Group
16 filed their amended motion to set aside the Clerk's entry of default. (ECF No. 16.) By the same
17 amended motion, all defendants seek to quash summons. (Id.) Defendants initially failed to serve
18 plaintiffs by mail with a copy of the amended motion. (See ECF No. 25.) Defendants served the
19 amended motion to plaintiffs on November 6, 2024, and filed an amended proof of service on that
20 day. (ECF No. 28.) Under the amended briefing schedule set by the court on November 1, 2024
21 (ECF No. 25), plaintiffs' opposition or statement of non-opposition was due within 21 days after
22 proper service of the motion or the filing of the amended proof of service, whichever was later.
23 (ECF No. 25.)
24      By order filed on December 3, 2024 (ECF No. 31), the court noted plaintiffs had failed to
25 timely file an opposition or statement of non-opposition to the defendants' amended motion to
26 vacate default and quash summons filed on September 25, 2024. Acting sua sponte, the court
27 granted plaintiffs an extension of time of 14 days from the date of the order to file an opposition
28 or statement of non-opposition to the defendants' pending motion. (Id. at 3.) The additional time

3

granted to oppose the defendants' motion has expired and plaintiffs have not opposed the motion or sought a further extension of time to do so.

## II. LEGAL STANDARDS

"A federal court does not have jurisdiction over a defendant unless the defendant has been served properly under [Rule] 4." Direct Mail Specialists v. Eclat Computerized Techs., Inc., 840 F.2d 685, 688 (9th Cir. 1988); see also Murphy Bros., Inc. v. Mitchell Pipe Stringing, Inc., 526 U.S. 344, 350 (1999) ("Service of process, under longstanding tradition in our system of justice, is fundamental to any procedural imposition on a named defendant."). Service of the summons and complaint must occur within 90 days of filing the complaint unless otherwise ordered. Fed. R. Civ. P. 4(c)(1) & (m). If a defendant is not served by this deadline, then the court must dismiss the action without prejudice against that defendant, or order that service be made within a specified time. Fed. R. Civ. P. 4(m).

Rule 4 is a flexible rule that should be liberally construed. United Food & Commercial Workers Union v. Alpha Beta Co., 736 F.2d 1371, 1382 (9th Cir. 1984). However, "neither actual notice nor simply naming the defendant in the complaint will provide personal jurisdiction absent 'substantial compliance with Rule 4.'" Benny v. Pipes, 799 F.2d 489, 492 (9th Cir. 1986) (citing Jackson v. Hayakawa, 682 F.2d 1344, 1347 (9th Cir. 1982), cert. denied, 484 U.S. 870 (1987) (citation omitted). When a defendant challenges service, the plaintiff bears the burden of establishing its sufficiency under Rule 4. See Brockmeyer v. May, 383 F.3d 798, 801 (9th Cir. 2004). If service of process was insufficient, a district court has discretion to dismiss an action or quash service. See e.g., S.J. v. Issaquah School Dist. No. 411, 470 F.3d 1288, 1293 (9th Cir. 2006) (citing Stevens v. Security Pac. Nat'l Bank, 538 F.2d 1387, 1389 (9th Cir. 1976).

"Pro se litigants are allowed more latitude than litigants represented by counsel to correct defects in service of process and pleadings." Moore v. Agency for Int'l Dev., 994 F.2d 874, 876 (D.C. Cir. 1993). However, plaintiffs' pro se status does not excuse failure to effectuate service. See McNeil v. United States, 508 U.S. 106, 113 (1993) ("[W]e have never suggested that procedural rules in ordinary civil litigation should be interpreted so as to excuse mistakes by those who proceed without counsel."). Pro se litigants are expected to know and comply with the rules

4

1  of civil procedure. See American Ass'n of Naturopathic Physicians v. Hayhurst, 227 F.3d 1104,
2  1108 (9th Cir. 2000).

3  **III. DISCUSSION**

4  Plaintiffs filed a single return of service on June 26, 2024. (ECF No. 7.) The return of
5  service indicates summons and complaints were served by Lauren Haymore, as follows:

> Served upon agent or employee of First Pointe/Management group –
> 7 copies of lawsuit and summons. At leasing office 4001 S Watt Ave
> Sacramento, CA 95826 all defendants served.

8  (ECF No. 7.)

9  Plaintiffs have not met their burden to demonstrate defendants were properly served. See
10 Brockmeyer, 383 F.3d at 801. Their lack of opposition to the defendants' motion, particularly
11 after the court's warning and granting of an extension of time, is properly construed as their non-
12 opposition to the granting of the motion and, by itself, constitute grounds for granting the motion.
13 See Local Rule 230(c). In an abundance of leniency for pro se plaintiffs, however, the court will
14 on this one occasion construe their arguments made in previous briefing (see ECF No. 11 at 3-4)
15 as a statement of opposition to the pending motion. In other words, plaintiffs' failure to file an
16 opposition to the present motion will not be the sole basis for granting the motion. Aside from
17 plaintiff's non-opposition to the motion, the information in the single return of service filed fails
18 to demonstrate that any defendant was properly served.

19 As to the individual defendants, service of an individual may be completed under state
20 law, or by one of the following methods: delivering a copy of the summons and the complaint to
21 the individual personally, leaving a copy of each at the individual's dwelling or usual place of
22 abode with someone of suitable age and discretion who resides there, or delivering a copy of each
23 to an agent authorized by appointment or by law to receive service of process. Fed. R. Civ. P.
24 4(e). Under California law, for individual defendants, service of process may be made by personal
25 delivery to the individual. Cal. Code Civ. P. § 415.10. In addition, service may be made by mail if
26 sent with two copies of the notice and acknowledgement provided in Cal. Code Civ. P. §
27 415.30(b) and a return envelope, postage prepaid, addressed to the sender.
28 ////

5

1    The return of service does not indicate any of these methods were completed for any

2 individual, including Stacey White, as to whom the Clerk entered a default. Accordingly, the

3 court will vacate the default entered against Stacey White. See Zhongtie Dacheng (Zhuhai) Inv.

4 Mgmt. Co. Ltd v. Yan, No. 8:22-CV-00461-SSS-ADS-X, 2023 WL 9007320, at *2 (C.D. Cal.

5 Jan. 24, 2023) (finding proofs of service of summons were defective for several reasons,

6 including that the defendant's "name did not even appear anywhere on the proof of service").

7    As to the entity defendants, a corporation, partnership, or association may be served in the

8 manner prescribed by Rule 4(e)(1) for serving an individual, or "by delivering a copy of the

9 summons and of the complaint to an officer, a managing or general agent, or any other agent

10 authorized by appointment or by law to receive service of process and--if the agent is one

11 authorized by statute and the statute so requires--by also mailing a copy of each to the

12 defendant[.]" Fed. R. Civ. P. 4(h)(1).

13   The return of service contains no indication defendant The Ezralow Company LLC was

14 served. In addition, although the return of service indicates copies of the summons and complaint

15 were served upon an "agent or employee of First Pointe/Management group" (ECF No. 7), the

16 name of the purported agent or employee is not provided, which prevents the court from

17 determining whether that individual was authorized to accept service on behalf of a defendant

18 business entity. The vague description in the return of service does not suffice to show proper

19 service. See Hupp v. San Diego Cnty. Dist. Atty., No. 12-CV-492-IEG RBB, 2012 WL 2887229,

20 at *5 (S.D. Cal. July 12, 2012) (defendant was not properly served where the return of service

21 merely claimed a person served was authorized to accept service on behalf of another defendant);

22 McCain v. Stockton Police Dep't, No. CIV S–10–3170 JAM CKD, 2011 WL 4710696, at *8-9

23 (E.D. Cal. Oct. 4, 2011) (finding proof of service insufficient even though the process server

24 submitted a declaration stating the receptionist told him she could accept service on behalf of the

25 defendant), subsequently aff'd, 695 F. App'x 314 (9th Cir. 2017).

26   Moreover, according to the declaration of Stacey White, the person with whom documents

27 were left on the date in question was a leasing agent who was not authorized to accept service of

28 ////

process on behalf of any defendant. (ECF No. 16-1 at ¶ 4.)[2] Because plaintiffs have not met their burden to demonstrate proper service, the court will grant the defendants' motion to vacate the default entered against Stacey White and First Pointe Management Group. In addition, the court will grant the defendants' unopposed motion to quash service and quash service under Rule 12(b)(5) of the Federal Rules of Civil Procedure.

Having decided to quash service, the court must also decide whether to further extend time for plaintiffs to accomplish service. Rule 4(m) provides, in part:

> If a defendant is not served within 90 days after the complaint is filed, the court--on motion or on its own after notice to the plaintiff--must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

Fed. R. Civ. P. 4(m).

Courts have broad discretion to extend time for service under Rule 4(m). Efaw v. Williams, 473 F.3d 1038, 1041 (9th Cir. 2003). The time period for service contained in Rule 4(m) "operates not as an outer limit subject to reduction, but as an irreducible allowance." Henderson v. United States, 517 U.S. 654, 661 (1996).

"Rule 4(m) requires a two-step analysis in deciding whether or not to extend the prescribed time period for the service of a complaint. First, upon a showing of good cause for the defective service, the court must extend the time period. Second, if there is no good cause, the court has the discretion to dismiss without prejudice or to extend the time period." In re Sheehan, 253 F.3d 507, 512 (9th Cir. 2001) (citations omitted). "In making extension decisions under Rule 4(m) a district court may consider factors 'like a statute of limitations bar, prejudice to the defendant, actual notice of a lawsuit, and eventual service.'" Efaw, 473 F.3d at 1041 (citations omitted). In addition, courts in the Ninth Circuit recognize a "duty to ensure that pro se litigants do not lose their right to a hearing on the merits of their claim due to ignorance of technical

---

[2] Also according to the declaration of Stacey White, a letter was sent to plaintiffs notifying them that the parties listed in the complaint were not properly served. (ECF No. 16-1, ¶ 6.) Aside from the claimed service performed on June 25, 2024, Stacey White was not aware of any other attempts to serve the summons to any defendant. (Id., ¶ 9.)

7

1  procedural requirements." Balistreri v. Pacifica Police Dept., 901 F.2d 696, 699 (9th Cir. 1988)
2  (citing Borzeka v. Heckler, 739 F.2d 444, 447 n. 2 (9th Cir. 1984) (defective service of complaint
3  by pro se litigant does not necessarily warrant dismissal)).

        The court does not find good cause to extend time for service. In finding a lack of good cause, the court notes plaintiffs' lack of opposition or statement of non-opposition to the defendants' pending motion, along with their lack of any request for an extension of time to complete service. Nevertheless, the court still has discretion to extend the time period, and will do so in this instance. See In re Sheehan, 253 F.3d at 512. A brief discretionary extension of time is warranted because pro se plaintiffs initially attempted service in a timely manner and defendants have not demonstrated prejudice by the insufficiency in the service of process such that no extension of time should be granted.

**IV. ORDER**

In accordance with the above, IT IS HEREBY ORDERED as follows:

1. The Clerk of the Court is directed to update the docket to reflect the correct names of the following defendants: Stacey White, Chris Rebellow, and First Point Management Group.

2. The defendants' unopposed motion to quash service of summons and to vacate default (ECF No. 16) is GRANTED.

3. The Clerk's entry of default for defendants Stacey White and First Pointe Management Group (ECF No. 9) is VACATED.

4. Finding defective service under Rule 4 of the Federal Rules of Civil Procedure, the court quashes service, and, sua sponte, grants an extension of time of 21 days from the date of this order for plaintiffs to effectuate service of process on the defendants.

/////
/////
/////
/////
/////
/////

5. Plaintiffs are cautioned that no further extensions of time for this purpose will be granted absent good cause shown for circumstances outside plaintiffs' control. If plaintiffs fail to effectuate proper service within the time period granted and do not show good cause for a further extension of time, the undersigned will recommend the complaint be dismissed without prejudice.

Dated: January 23, 2025

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

8, doug24cv0331.quash-vacdf