UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHERYL LYNN DOUGLAS, et al., | No. 2:24-cv-0331-KJM-CKD (PS) |
| Plaintiff, | |
| v. | FINDINGS AND RECOMMENDATIONS TO DISMISS FOR FAILURE TO SERVE |
| THE EZRALOW COMPANY LLC, et al., | |
| Defendants. | |

Plaintiffs Cheryl Lynn Douglas and Andrew Grant Haymore proceed without counsel on a complaint filed on January 29, 2024. This matter is before the undersigned pursuant to Local Rule 302(c)(21). See 28 U.S.C. § 636(b)(1). After payment of the filing fee, plaintiffs were issued summons by the Clerk of Court to serve the defendants on June 7, 2024. (ECF No. 5.) On the same date, the court issued an initial scheduling order informing plaintiffs that, pursuant to Rule 4, "Plaintiff[s] shall complete service of process on all defendants named in the complaint within 90 days from the date of this order." (ECF No. 6 at 2.) The court cautioned plaintiffs that under Rule 4(m) of the Federal Rules of Civil Procedure, "this case may be dismissed if service of process is not accomplished within 90 days. (Id.)

On January 24, 2025, the court found plaintiffs had not properly served the defendants under Rule 4 of the Federal Rules of Civil Procedure and quashed service. (ECF No. 33 at 8.) Sua

1

1 | sponte, the court granted an extension of time of 21 days from the date of that order for plaintiffs
2 | to effectuate service of process on the defendants. (Id.) On February 20, 2025, and again on April
3 | 3, 2025, the court granted further extensions of time for service of process.[1] (ECF Nos. 36, 37.)

> If a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

Fed. R. Civ. P. 4(m).

Despite the court granting plaintiffs multiple extensions of time for plaintiffs to serve the defendants, the record does not indicate proper service of process. Self-represented plaintiffs are given latitude in prosecuting their cases, given their unfamiliarity with the legal system and federal rules. See, e.g., Eriksen v. Washington State Patrol, 2006 WL 994750, at *1 (E.D. Wash. Apr. 7, 2006) ("Generally pro se litigants are allowed more latitude than litigants represented by counsel to correct defects in service of process and pleadings.") (quoting Moore v. Agency for Intern. Development, 994 F.2d 874 (D.C. Cir. 1993)). However, pro se status is not sufficient to show good cause for failure to serve. Townsel v. Contra Costa County, 820 F.2d 319, 320 (9th Cir. 1987) (noting that ignorance of or confusion about service requirements does not constitute "good cause" for failure to serve). Given plaintiffs' failure to serve and lack of good cause, this case should be dismissed. See Fed. R. Civ. P. 4(m); see also King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987) ("Pro se litigants must follow the same rules of procedure that govern other litigants.").

////
////
////
////

---

[1] The court also appointed counsel for plaintiffs for the limited purpose of representing plaintiffs at a settlement conference. (ECF No. 36.) Limited purpose counsel was released on July 3, 2025, after plaintiffs failed to contact assigned counsel as they were ordered to do. (ECF No. 38.)

2

In accordance with the above, IT IS RECOMMENDED as follows:

1. Plaintiffs' complaint be dismissed without prejudice; and
2. The Clerk of Court be directed to close this case.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen (14) days after being served with these findings and recommendations, any party may file written objections with the court. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." A reply to objections may be filed within seven (7) days thereafter. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Turner v. Duncan, 158 F.3d 449, 455 (9th Cir. 1998); Martinez v. Ylst, 951 F.2d 1153, 1156-57 (9th Cir. 1991).

Dated: July 10, 2025

/s/ Carolyn K. Delaney
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

8, doug24cv0331.r4.fr

3