UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHERYL LYNN DOUGLAS, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>THE EZRALOW COMPANY LLC, et al.<br><br>Defendants. | No. 2:24-cv-0331-KJM-CKD (PS)<br><br>FINDINGS AND RECOMMENDATIONS |

On July 21, 2025, plaintiff Andrew Haymore filed an ex parte motion titled "Motion for Continuance of District Court Proceedings and Temporary Restraining Order." (ECF No. 3.) Because plaintiffs proceed without counsel, this matter is before the undersigned pursuant to Local Rule 302(c)(21). See 28 U.S.C. § 636(b)(1). Plaintiff's ex parte motion is appropriate for decision without oral argument within the meaning of Local Rule 230(g). For the reasons set forth below, the motion should be denied.

**I.    Relevant Procedural Background**

Plaintiffs Cheryl Lynn Douglas and Andrew Grant Haymore initiated this action on January 29, 2024, alleging housing discrimination and asserting various state law claims against defendants The Ezralow Company LLC, First Pointe Management Group LLC, and individuals alleged to be employees of those defendants in connection with plaintiffs' tenancy at the Montebello Apartments. (ECF No. 1.) On July 10, 2025, the undersigned recommended this case

1

be dismissed without prejudice for plaintiffs' failure to effectuate service under Rule 4 of the Federal Rules of Civil Procedure. (ECF No. 39.)

On July 21, 2025, plaintiff Haymore filed the motion presently before the court. (ECF No. 40.) Plaintiff states he seeks ADA accommodations, a continuance of state court proceedings in connection with a procedurally deficient state unlawful detainer action (Case No. 25UD001842), an order enjoining Aaron from contact and harassment, preservation of evidence, and inspection of the premises. (See id. at 2 & 6-7.) Plaintiff indicates relief relating to the state court unlawful detainer action is necessary to resolve jurisdictional conflicts. (Id. at 5-6.) Plaintiff alleges the unlawful detainer action was filed in retaliation in response to this federal lawsuit. (Id.) Plaintiff does not specify the ADA accommodations he seeks.

Many allegations in the ex parte motion do not appear related to the allegations in the complaint. Plaintiff Haymore alleges, for example, that Homeland Security and the Sacramento County Sheriff want to have a Stingray operation on him, FEMA harassed and attempted to prevent him from exercising his rights, and he was locked in the clerk's office and surrounded by FEMA. (ECF No. 40 at 2-3.)

**II.     Legal Standard**

The purpose of a temporary restraining order under Rule 65(b) of the Federal Rules of Civil Procedure is to preserve the status quo and to prevent irreparable harm "so long as is necessary to hold a hearing, and no longer." Granny Goose Foods, Inc. v. Bhd. of Teamsters, 415 U.S. 423, 439 (1974). In determining whether to issue a temporary restraining order, a court relies on the same factors that guide the evaluation of a request for preliminary injunctive relief: whether the moving party "is likely to succeed on the merits, ... likely to suffer irreparable harm in the absence of preliminary relief, ... the balance of equities tips in [its] favor, and ... an injunction is in the public interest." Winter v. Natural Res. Def. Council, Inc., 555 U.S. 7, 20 (2008); see also Stuhlbarg Int'l. Sales Co. v. John D. Brush & Co., 240 F.3d 832, 839 n.7 (9th Cir. 2001) (stating the analysis for temporary restraining orders and preliminary injunctions is "substantially identical").

////

Courts within this circuit may also consider a request for a temporary restraining order or preliminary injunction using a "sliding scale" test in which "a stronger showing of one element may offset a weaker showing of another." Alliance for the Wild Rockies v. Cottrell, 632 F.3d 1127, 1131 (9th Cir. 2011). "[W]hen plaintiffs establish that the balance of hardships tips sharply in their favor, there is a likelihood of irreparable injury, and the injunction is in the public interest, they need only show 'serious questions' on the merits." Where Do We Go Berkeley v. California Dep't of Transp., 32 F.4th 852, 859 (9th Cir. 2022) (citing Alliance for the Wild Rockies, 632 F.3d at 1135).

The Eastern District of California's local rules impose specific requirements on those who request a temporary restraining order. See Local Rule 231. Among other things, these rules require "actual notice to the affected party and/or counsel" except in "the most extraordinary of circumstances." Local Rule 231(a). "Appropriate notice would inform the affected party and/or counsel of the intention to seek a temporary restraining order, the date and time for hearing to be requested …, and the nature of the relief to be requested." Id.

A court may issue a temporary restraining order "without written or oral notice to the adverse party" only if

> (A) specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition; and
>
> (B) the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required.

Fed. R. Civ. P. 65(b)(1).

When deciding whether to issue a temporary restraining order, the court may rely on declarations, affidavits, and exhibits, among other things. See Johnson v. Couturier, 572 F.3d 1067, 1083 (9th Cir. 2009). This evidence need not conform to the standards that apply at summary judgment or trial. Id; Flynt Distrib. Co. v. Harvey, 734 F.2d 1389, 1394 (9th Cir. 1984).

**III.   Analysis**

Plaintiff Haymore has not satisfied the requirements of this court's local rule governing applications for temporary restraining orders. See Local Rule 231. Plaintiff's failure to comply

3

1    with the requirements of Local Rule 231 is sufficient justification to deny the requested
2    temporary restraining order. See Tri-Valley CAREs v. U.S. Dep't of Energy, 671 F.3d 1113, 1131
3    (9th Cir. 2012) ("Denial of a motion as the result of a failure to comply with local rules is well
4    within a district court's discretion."); Nible v. Macomber, No. 2:24-cv-01259-DJC-CSK-PC,
5    2024 WL 2133319, at *2 (E.D. Cal. May 13, 2024) (denying temporary restraining order sought
6    by pro se plaintiff as procedurally deficient).

7        Plaintiff Haymore also fails to show the relevant factors support granting relief. To begin,
8    plaintiff does not establish he is likely to suffer irreparable harm in the absence of this court
9    issuing a temporary restraining order. Allegations that plaintiff's service-connected PTSD and
10   heart condition will be exacerbated by the landlord's actions (see ECF No. 50 at 5) are too
11   speculative and conclusory to support issuance of a temporary restraining order. See generally
12   FDIC v. Garner, 125 F.3d 1272, 1279 (9th Cir. 1997) (the threat of injury "must be imminent, not
13   remote or speculative"), cert. denied, 523 U.S. 1020 (1998); Caribbean Marine Servs. Co. v.
14   Baldrige, 844 F.2d 668, 674 (9th Cir. 1988) ("Speculative injury does not constitute irreparable
15   injury sufficient to warrant granting a preliminary injunction.").

16       Plaintiff Haymore also does not demonstrate a likelihood of success on the merits of the
17   claims in the complaint. As set forth above, the undersigned recently recommended this case be
18   dismissed without prejudice for failure to effectuate service of process. Likelihood of success on
19   the merits is the most important Winter factor and is also relevant to the court's evaluation of the
20   other factors. See Baird v. Bonta, 81 F.4th 1036, 1044 (9th Cir. 2023). Without showing a
21   likelihood of success on the merits or a likelihood of irreparable harm, plaintiff cannot establish
22   that a temporary restraining order or preliminary injunction is appropriate. See Stormans, Inc. v.
23   Selecky, 586 F.3d 1109, 1127 (9th Cir. 2009) (citing Winter, 555 U.S. at 20).

24       Moreover, the court should abstain from issuing the requested relief in the form of
25   enjoining or continuing the state court unlawful detainer action because this court does not have
26   in rem jurisdiction or custody of the property at issue. See Scherbenske v. Wachovia Mortg.,
27   FSB, 626 F. Supp. 2d 1052, 1058 (E.D. Cal. 2009) (abstaining from interfering with state
28   unlawful-detainer action under Colorado River Water Conservation District v. United States, 424

U.S. 800 (1976)). Furthermore, under the Anti-Injunction Act, 28 U.S.C. § 2283, a federal court is "barred from enjoining or staying proceedings in state court." Scherbenske, 626 F. Supp. 2d at 1058. The Anti-Injunction Act "is interpreted broadly and includes injunctions directed at the parties rather than the state court itself." Id. (citing Atlantic C.L.R. Co. v. Brotherhood of Locomotive Engineers, 398 U.S. 281, 287 (1970)).

There are statutory exceptions to the Act for (1) injunctions expressly authorized by an act of Congress; (2) injunctions necessary to effectuate the judgment of the federal court; and (3) injunctions necessary in aid of the court's jurisdiction. 28 U.S.C. § 2283. These exceptions are interpreted narrowly. Scherbenske, 626 F. Supp. 2d at 1058 (citing Matter of Federal Shopping Way, Inc., 717 F.2d 1264, 1274 (9th Cir. 1983)). None of the exceptions apply here. See Scherbenske, 626 F. Supp. 2d at 1059 ("There is no federal statute authorizing a district court to enjoin a state unlawful detainer action."); Atlantic C.L.R. Co., 398 U.S. at 295; Gray v. Bakersfield Parks, LP, No. 1:16-CV-01860-LJO-JLT, 2016 WL 7229112, at *3 (E.D. Cal. Dec. 13, 2016) (second exception "does not apply to stay unlawful detainer actions, especially previously filed state court actions") (citing collected cases); Vendo Co. v. Lektro–Vend Corp., 433 U.S. 623, 641-42 (1977) (third exception "incorporate[es a] historical in rem exception" but does not apply where state court action does not impair or defeat jurisdiction).

For the reasons set forth above, IT IS HEREBY RECOMMENDED that plaintiff's motion for a temporary restraining order and for a continuance of proceedings (ECF No. 40) be denied.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen (14) days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections shall be served on all parties and filed with the court within seven (7) days after service of the objections. Failure to file objections within the specified time may waive the right to appeal the

////

////

District court's order. <u>Turner v. Duncan</u>, 158 F.3d 449, 455 (9th Cir. 1998); <u>Martinez v. Ylst</u>, 951 F.2d 1153, 1156-57 (9th Cir. 1991).

Dated:  July 24, 2025

/s/ Carolyn K. Delaney
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

8, doug24cv0331.tro